IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRANDON MILLER,                                                                                          PLAINTIFF

v.                      Civil No. 1:23-cv-01088-SOH-BAB

DOE,
                                                                                                         DEFENDANT.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Brandon Miller, a prisoner,[1] filed the above-captioned civil rights action under 42 U.S.C. § 1983 and pro se.  (ECF No. 2).  Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Plaintiff initiated this action in the Eastern District of Arkansas. (ECF No. 2).  Upon review of the Complaint, the Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, determined that venue was proper in this District pursuant to 28 U.S.C. § 1391(b) and ordered this matter transferred here. (ECF No. 3).  Upon receipt, this Court granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 6).  This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state

---

[1] At all times relevant to the factual predicate of the Complaint, Plaintiff was a detainee at the Union County Detention Center (UCDC).

a cognizable § 1983 claim. *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Plaintiff asserts that he has been detained at the Union County Detention Center (UCDC) since May 18, 2023. (ECF No. 2). According to Plaintiff, he appeared for his "First Appearance" on May 19, 2023, and the Union County District Court had sixty days from that date to file charges against him. *Id.* Plaintiff contends that he continues to be detained at the UCDC even though he filed "for [his] 8.6" on July 16, 2023. *Id.* For relief, Plaintiff requests to be released. *Id.*

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

2

## DISCUSSION

There are several deficiencies with Plaintiff's Complaint. First, Plaintiff's Complaint fails to identify a defendant to this action. *See* (ECF No. 2). Without identifying the appropriate party (or any party) as the defendant to this action, there is no one (or entity) against whom this Court could order any relief, if the Court had the authority to order that relief.

Second, and more importantly, the root of Plaintiff's Complaint is that his current detention is unlawful. This is not a cognizable § 1983 claim. *Id.* A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This legal principle applies in equal force to detainees, such as Plaintiff.

Here, Plaintiff makes no claims regarding the *conditions* of his pretrial confinement. Rather, his complaint is solely with the fact that he continues to be confined, a confinement he alleges is unlawful. In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Preiser*, 411 U.S. at 500. Thus, because Plaintiff's sole claim concerns the fact of his detention and that detention has not been determined to be unlawful through some other mechanism, Plaintiff's Complaint should be dismissed.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT**

3

**PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 5th day of October 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE